UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.:  1:22-CV-59-GNS |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| SAI KRISHNA HOSPITALITY LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of the Kentucky Civil Rights |
| | ) | Act, KRS 344, *et seq*. |

Plaintiff DEREK MORTLAND Complains of Defendant SAI KRISHNA

HOSPITALITY LLC and alleges as follows:

**INTRODUCTION:**

1.  This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act,

KRS 344, *et seq.*

2.  Plaintiff DEREK MORTLAND is a person with physical disabilities who, on or

about July 1, 2021 through July 2, 2021, was an invitee, guest, patron, or customer at Defendant's property, which houses a BEST WESTERN hotel, located at 1940 Mel Browning Street, Bowling Green, KY 42104. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Kentucky legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Kentucky law, whose goals are closely tied with the ADA, including but not limited to violations of the Kentucky Civil Rights Act, KRS 344, *et seq.*

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Bowling Green, County of Warren, State of Kentucky and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.      Plaintiff DEREK MORTLAND is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.)

MORTLAND is a "person with physical disabilities," as defined by all applicable Kentucky and United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected by the Kentucky Civil Rights Act, KRS 344, *et seq.*

6.   Defendant SAI KRISHNA HOSPITALITY LLC, a Kentucky limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a BEST WESTERN hotel, a public accommodation, located at/near 1940 Mel Browning Street, Bowling Green, KY 42104, and subject to the requirements of Kentucky state law requiring full and equal access to public facilities pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject BEST WESTERN hotel as a public facility at/near 1940 Mel Browning Street, Bowling Green, KY 42104. The business, a BEST WESTERN hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 1940 Mel Browning Street, Bowling Green, KY 42104. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code

of Federal Regulations section 36.201(b), which states in pertinent part:

§ 36.201     General

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a BEST WESTERN hotel, located at 1940 Mel Browning Street, Bowling

Green, KY 42104. Defendant's BEST WESTERN hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected a BEST WESTERN hotel to handicapped access requirements.

11. Plaintiff DEREK MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable Kentucky and United States laws. MORTLAND is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the BEST WESTERN hotel as being handicapped accessible and handicapped usable.

13. On or about July 1, 2021 through July 2, 2021, MORTLAND was an invitee and guest at the subject BEST WESTERN hotel, arriving for purposes of obtaining lodging.

14.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, MORTLAND, who is a person with disabilities, encountered the following inaccessible elements of the subject BEST WESTERN hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

*exhaustive inventory of Defendant's violations*, the following barriers to access were personally

encountered by plaintiffs:

1. In the parking lot, the ramp to the access aisle in the back parking lot exceeds the maximum running slope (direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 405.2 and 1991 ADAS Section: 4.8.2.

2. In the parking lot, the cross slopes (narrow dimension) and/or running slopes (long dimension) of the 2 accessible stalls in the back parking lot exceed 2% in violation of 2010 ADAS Section: 502.4 and 1991 ADAS Section: 4.6.3.

3. In the parking lot, the cross slopes (narrow dimension) and/or running slopes (long dimension) of the access aisle in the back parking lot exceed 2% in violation of 2010 ADAS Section: 502.4 and 1991 ADAS Section: 4.6.3.

4. In the parking lot, the running slope of the accessible parking stalls at the side lobby entrance exceed 2% in violation of 2010 ADAS Section: 502.4 and 1991 ADAS Section: 4.6.3.

5. In the parking lot, the running slope of the access aisle at the side lobby entrance exceeds 2% in violation of 2010 ADAS Section: 502.4 and 1991 ADAS Section: 4.6.3.

6. In the parking lot, the ramp to the access aisle in the front parking lot exceeds the maximum running slope (direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 405.2 and 1991 ADAS Section: 4.8.2.

7. In the parking lot, the access aisle is not marked as to discourage parking in it in violation of 2010 ADAS Section: 503.3.3.

8. In guest room 108, the threshold is greater than 1/2 inch high in violation of 2010 ADAS Section: 404.2.5.

9.  In guest room 108, the door operating hardware exceeds maximum height requirements in violation of 2010 ADAS Section: 404.2.7.

10. In guest room 108, the sign providing directional and information is noncompliant in violation of 2010 ADAS Section: 216.3.

11. In guest room 108, the route of travel does not provide a minimum width of 36 inches in violation of 2010 ADAS Section: 403.5.1 and 1991 ADAS Section: 4.3.3.

12. In guest room 108, the maximum allowable reach cannot be obtained at the wall lamps because they are too high and the knee clearance is obstructed in violation of 2010 ADAS Section: 306.3.3 and 1991 ADAS Section: 4.2.5.

13. In guest room 108, the closet rod is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.2.1, 308.3.1.

14. In guest room 108, the clear floor space only allows for a forward approach and the clothes iron is out of reach range in violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section: 4.2.5.

15. In guest room 108, the clear floor space for the lamp is obstructed in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

16. In guest room 108, the bathroom door operating hardware is not accessible in violation of 2010 ADAS Section: 404.2.7 and 1991 ADAS Section: 4.13.9.

17. In guest room 108, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section: 4.19.4.

18. In guest room 108, the top rim of the lavatory is too high in violation of 2010 ADAS Section: 606.3 and 1991 ADAS Section: 4.19.2.

19. In guest room 108, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3.

20. In guest room 108, the clear floor space only allows for a forward approach and the towel bar is too high and out of reach range in violation of 2010 ADAS Section: 308.2.2 and 1991 ADAS Section: 4.2.5.

21. In guest room 108, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section: 604.6.

22. In guest room 108, the toilet is not located within the range allowed from the side wall or partition in violation of 2010 ADAS Section: 604.2.

23. In guest room 108, the side grab bar is too high in violation of 2010 ADAS Section: 609.4 and 1991 ADAS Section: 4.17.6.

24. In guest room 108, the side grab bar is located greater than 12 inches from the rear wall in violation of 2010 ADAS Section: 604.5.1 and 1991 ADAS Section: 4.16.4.

25. In guest room 108, the side grab bar does not extend far enough from the rear wall in violation of 2010 ADAS Section: 604.5.1 and 1991 ADAS Section: 4.17.6.

26. In guest room 108, the side grab bar is not long enough in violation of 2010 ADAS Section: 604.5.1 and 1991 ADAS Section: 4.16.4.

27. In guest room 108, The bathroom shelf is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.2.1, 308.3.1.

28. In guest room 108, the towel bar is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

29. In guest room 108, the shower compartment is missing a seat in violation of 2010 ADAS Section: 608.4.

30. In guest room 108, the operable parts of controls are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall in violation of 2010 ADAS Section: 608.5.2 and 1991 ADAS Section: 4.21.5.

31. In guest room 108, the hand held sprayer unit is mounted above the required maximum height and cannot be mounted below 48" in violation of 2010 ADAS Section: 608.6.

32. In guest room 108, the hand held sprayer unit is not equipped with a non-positive on/off control in violation of 2010 ADAS Section: 608.6.

33. In guest room 108, the soap and shampoo dispensers are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

34. In guest room 108, the grab bars are not positioned correctly in violation of 2010 ADAS Section: 609.4 and 1991 ADAS Section: 4.21.4.

35. In guest room 108, the threshold is not beveled correctly in violation of 2010 ADAS Section: 608.7.

36. In the pool area, the operating hardware requires tight grasping, pinching or twisting of the wrist to operate in violation of 2010 ADAS Section: 309.4 and 1991 ADAS Section: 4.13.9.

37. In the pool area, the pool gate operating hardware exceeds maximum height requirements in violation of 2010 ADAS Section: 404.2.7.

38. In the pool area, there is no accessible seating provided at the outdoor pool area in violation of 2010 ADAS Section: 226.1 and 1991 ADAS Section: 5.1.

39. In the pool area, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 1991 ADAS Section: 4.32.3.

40. In the pool area, at the time of Mortland's stay, the lift had no power and could not be operated or tested in violation of 2010 ADAS Section: 242.2.

41. In the men's public restroom, the door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 1991 ADAS Section: 4.13.11(2).

42. In the men's public restroom, the operating hardware requires tight grasping, pinching or twisting of the wrist to operate in violation of 2010 ADAS Section: 309.4 and 1991 ADAS Section: 4.13.9.

43. In the men's public restroom, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section: 4.2.5.

44. In the men's public restroom, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3.

45. In the men's public restroom, the soap dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1.

46. In the men's public restroom, the top rim of the lavatory is too high in violation of 2010 ADAS Section: 606.3 and 1991 ADAS Section: 4.19.2.

47. In the men's public restroom, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section: 4.19.4.

48. In the men's public restroom, the paper towel dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1.

49. In the men's public restroom, the toilet seat cover dispenser is mounted too high in violation of 2010 ADAS Section: 308.1.

50. In the men's public restroom, the toilet seat cover dispenser is mounted too high and is not located in an accessible location in violation of 2010 ADAS Section: 205.1.

51. In the men's public restroom, accessible toilets must have grab bars installed in violation of 2010 ADAS Section: 604.5 and 1991 ADAS Section: 4.17.6.

52. In the men's public restroom, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.

53. In the men's public restroom, the required 56 inches by 60 inches clear floor space for the water closet has been obstructed by the trash can in violation of 2010 ADAS Section: 604.3.1 and 1991 ADAS Section: 4.16.2.

54. In the fitness center, the route of travel does not provide a minimum width of 36 inches in violation of 2010 ADAS Section: 403.5.1 and 1991 ADAS Section: 4.3.3.

55. In the fitness center, the coat hooks are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

56. In the fitness center, the climate control is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

57. In the lobby, the floor mat at the side lobby door is not secured in place in violation of 2010 ADAS Section: 302.2 and 1991 ADAS Section: 4.5.3.

58. In the lobby, the threshold at the side lobby door is greater than 1/2 inch high in violation of 1991 ADAS Section: 4.13.8.

59. In the lobby, the coffee dispensers are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

60. Upon information and belief, in other guest rooms, there are not enough accessible rooms designed with mobility features in violation of 2010 ADAS Section: 224.2.

61. Upon information and belief, the other accessible guest rooms are not dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section: 224.5 and 1991 ADAS Section: 9.1.4.

62. Upon information and belief, in other guest rooms, the vanity counter top spaces provided are not comparable to non-accessible rooms in violation of 2010 ADAS Section: 806.2.4.1.

63. Upon information and belief, in other guest rooms, the other accessible guest rooms' bathrooms are not compliant in violation of 2010 ADAS Section: 806.2.4.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a

legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities. MORTLAND suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, <u>KRS 344</u>, *et seq.*

20. MORTLAND, as described herein below, seeks injunctive relief to require the BEST WESTERN hotel to be made accessible to meet the requirements of both Kentucky law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the BEST WESTERN hotel as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Kentucky and federal law.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, MORTLAND and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

order from this court compelling Defendant to make the BEST WESTERN hotel accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the BEST WESTERN hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Kentucky.

24. On information and belief, the subject public facility of the BEST WESTERN hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Kentucky Civil Rights Act, <u>KRS 344</u>, *et seq.*

25. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the BEST WESTERN hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

26. Plaintiff will return to the subject BEST WESTERN hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29.     Should the BEST WESTERN hotel become accessible, MORTLAND will visit it again because he frequently travels to the Warren County area to attend racing events at the National Corvette Museum Motorsports Park.

30.     Furthermore, plaintiff intends to return to the BEST WESTERN hotel as an ADA tester on an annual basis beginning in 2023, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I.     **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101,** *et seq.***)**

31.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

34.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for

purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
. . .
(A) an inn, hotel, motel, or other place of lodging ***;

42 U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the

ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, <u>KRS 344</u>, *et seq.*, making available damage remedies.

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject BEST WESTERN hotel pursuant to <u>42 U.S.C. §12182</u> (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); <u>42 U.S.C. §12182</u> (b)(2)(A)(i).

39. Per §301(9), <u>42 U.S.C. §12181</u> (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject BEST WESTERN hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, <u>42 U.S.C. §12188</u>, *et*

*seq.*, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil

Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on

the basis of disability in violation of this title or has reasonable grounds for believing that he

is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make

use of the public facilities complained of herein so long as the premises and Defendant's policies

bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

with a disability to engage in a futile gesture if such person has actual notice that a person or

organization covered by this title does not intend to comply with its provisions." Pursuant to this

last section, plaintiff has not returned to Defendant's premises since on or about July 1, 2021

through July 2, 2021, , but alleges that Defendant has continued to violate the law and deny the

rights of plaintiff and of other persons with physical disabilities to access this public

accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

injunctive relief shall include an order to alter facilities to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

deemed to be the prevailing party.

44. Plaintiff seeks damages pursuant to the Kentucky Civil Rights Act, <u>KRS 344</u>, *et seq.*,

which provide, within the statutory scheme, that a violation of the ADA and/or Kentucky's

accessibility standards is a violation of Kentucky law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

II. **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT, KRS 344, ET SEQ.**

45. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46. At all times relevant to this action, the BEST WESTERN hotel and the business therein, are "places of public accommodation" pursuant to KRS 344.130.

47. Defendant committed an unlawful act pursuant to KRS 344.120 by denying Plaintiff his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability.

48. Plaintiff has desired and attempted to enjoy the goods and services at the BEST WESTERN hotel as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in KRS 344.450.

49. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, personal injury, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

50. Pursuant to Kentucky law, plaintiff is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff DEREK MORTLAND prays that this court grant relief and damages

as follows:

I.  **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make BEST WESTERN hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

I.  **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT KRS 344, *ET SEQ.***

4. For injunctive relief, compelling Defendant to make BEST WESTERN, readily accessible to and usable by individuals with disabilities, per state law.

5. General and compensatory damages according to proof;

6. All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7. Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

8. Punitive damages, pursuant to Kentucky law;

9. For all costs of suit;

10. Prejudgment interest pursuant to Kentucky law; and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 21

11.     Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, OHIO 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff DEREK MORTLAND